IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| In the matter of: | : | |
| | : | |
| JAMES E. WATKINS, | : | |
| | : | Chapter 13 |
| Debtor, | : | |
| _____ | : | |
| | : | |
| JAMES E. WATKINS, | : | Case Number 07-50070-RFH |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Adversary Number _____ |
| | : | |
| AFNI, INC., d/b/a VERIZON | : | |
| WIRELESS, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## COMPLAINT FOR DAMAGES

COMES NOW JAMES E. WATKINS, Plaintiff in the above-styled action, and files this his Complaint for Damages, respectfully showing the following:

1.

This is an Adversary Proceeding brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.  The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Section 157(b).

2.

This Complaint arises out of the Chapter 13 bankruptcy proceeding of James E. Watkins, Case Number 07-50070-RFH, Middle District of Georgia, Macon Division. Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure Plaintiff states that this is a core proceeding.

3.

Defendant AFNI, Inc., d/b/a Verizon Wireless is a corporation registered to conduct business in the State of Georgia, and is subject to the jurisdiction of this Court. Service upon said Defendant shall be effected upon its registered agent, to wit: CT Corporation System, 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.  Venue is proper in this Court.

4.

Plaintiff shows that he filed a petition for relief in this Court under chapter 13 of the United States Bankruptcy Code on December 2, 2006.  The debtor's Chapter 13 Plan was confirmed by order of the Court, and Plaintiff's case is currently pending before the Court.

5.

Plaintiff listed Verizon Wireless in his schedules and on his creditor mailing matrix.  Defendant holds a pre-petition unsecured claim against the Plaintiff.  On December 6, 2006, the Bankruptcy Noticing Center filed a Certificate of Service in Plaintiff's chapter 13 case indicating that Defendant was served with a copy of the notice of bankruptcy filing.  Further, on March 15, 2007, Defendant filed a Proof of Claim in the Plaintiff's chapter 13 case, designated as Claim Number 6 in the Court's records.

6.

Based upon the foregoing, Plaintiff shows that Defendant had actual knowledge of his bankruptcy filing no later than March 2007.

7.

In March 2008 the Defendant began contacting Plaintiff in an attempt to collect on its pre-petition claim despite the fact that the automatic stay provisions of 11 U.S.C. Section 362(a) are still in force.

8.

Defendant has contacted Plaintiff through his daughter by telephoning the Plaintiff's residence on at least one occasion.  Plaintiff's daughter advised the Defendant that Plaintiff was involved in a bankruptcy case and that Defendant's debt was included in said case.  The Defendant then attempted to induce Plaintiff to pay this pre-petition debt directly to Defendant by making an offer to Plaintiff that if he paid approximately one-half of the entire amount due, then Defendant would again provide cell phone service to Plaintiff.  Plaintiff declined this offer. The Defendant at all times acknowledged that it had knowledge of the bankruptcy filing, but indicated that it was making an offer of a "new start" to the Plaintiff.

9.

Plaintiff further shows that the Defendant has resumed billing him.  Plaintiff is in possession of a bill recently mailed to him by the Defendant.

10.

The Defendant's actions constitute a violation of the automatic stay provisions of 11 U.S.C. Section 362(a).

11.

Because the Defendant had actual knowledge of the Plaintiff's bankruptcy case, the Defendant's violations of the automatic stay are willful.

12.

Plaintiff seeks and order from the Court finding that the Defendant has willfully violated the automatic stay in his case and assessing an award of punitive damages against the Defendant in an amount sufficient to deter a corporation of its size and wealth from violating the automatic stay in the future.

13.

Plaintiff further seeks to recover his costs and attorney fees from Defendant.

WHEREFORE, Plaintiff prays for the following:

(a)     That summons and process issue as provided by law;

(b)     That he have a trial on these issues;

(c)     That the Court enter an order finding that the Defendant has willfully violated the automatic stay provisions of 11 U.S.C. Section 362(a);

(d)     That the Court assess an award of punitive damages against the Defendant for its willful violations of the automatic stay in an amount sufficient to deter a corporation of its size from repeating such conduct in the future with other debtors in bankruptcy;

(e)     That the Court tax Plaintiff's costs and attorney fees against the Defendant; and

(f)     That Plaintiff have such other and additional relief as the Court deems appropriate.

/s/ Calvin L. Jackson

Calvin L. Jackson
GA. State Bar Number 386072
Attorney for Plaintiff
P.O. Box 7221
Warner Robins, Georgia 31095
(478) 923-9611